IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ethel Loise Patterson, | ) | C/A No. 3:15-1343-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Sumter County Administration; Darlington County Administrator; Brennica L. Patterson, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    The plaintiff, Ethel Loise Patterson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of her civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.    Factual and Procedural Background**

    Plaintiff alleges that she was arrested, placed in handcuffs that were too tight, and detained in a facility where she did not receive medical attention when her blood pressure became elevated. (ECF No. 1 at 2.) Plaintiff seeks monetary damages. (Id. at 5.)

**II.    Discussion**

    **A.    Standard of Review**

    Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal



district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured



by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

### 1.     No State Action—Brennica L. Patterson

"Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."  Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012).  However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001).  In determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated.  See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).

The Complaint identifies Defendant Brennica L. Patterson as Plaintiff's daughter.  (ECF No. 1 at 1.)  However, Plaintiff provides no factual allegations against this defendant, who appears to have also been arrested during the incident giving rise to this Complaint.  (Id. at 2.)  While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Moreover, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Id.  As the Complaint fails to allege any facts showing that Defendant Brennica L. Patterson is a state actor amenable to suit under § 1983, the Plaintiff's claims against this defendant are subject to summary dismissal.[1]

---

[1] Plaintiff submitted notes, which have been docketed as an attachment to the Complaint. (ECF No. 1-1).  However, to the extent Plaintiff intended to sue any of the individuals listed in her notes, the Complaint fails to discuss, or demonstrate state action by, such individuals.  Therefore, even if construed as defendants in this case, these individuals would be entitled to summary dismissal for the reasons discussed above.



### 2. Municipal Liability—Sumter County Administration and Darlington County Administrator

The United States Supreme Court has held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. However, the instant Complaint fails to show that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of the municipal defendants.

Further, to the extent the Complaint attributes the alleged wrongful actions of unidentified employees to these defendants, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94). A municipality may not be held liable under § 1983 solely because it employs the

tortfeasor. Bd. of Cnty. Comm'rs, 520 U.S. at 403. As Plaintiff has alleged no actionable conduct by the municipal defendants, they are also entitled to summary dismissal from this case.[2]

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 1, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] Plaintiff lists other municipal entities in the notes attached to the Complaint. (See e.g., ECF No. 1-1 at 1.) However, to the extent Plaintiff intended to include such entities as defendants in this action, they would also be entitled to summary dismissal for the reasons discussed above. Moreover, to the extent Plaintiff intended to name the Sumter County Detention Center as a defendant, the detention center is not considered a "person" amenable to suit under § 1983, see Jones v. Lexington Cnty. Det. Ctr., 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (holding that a detention center is not a "person" subject to suit under § 1983), and any claims Plaintiff may have intended to assert against the State of South Carolina, its agencies, or employees would be barred by the Eleventh Amendment. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (holding that the Eleventh Amendment prohibits suits by citizens against non-consenting states); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).