IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ethel Loise Patterson, ) | Civil Action No. 3:15-1343-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Sumter County Administration; Darlington ) | |
| County Administration; Brennica L. ) | |
| Patterson, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Ethel Loise Patterson("Plaintiff"), proceeding pro se and in forma pauperis, brings this action against Defendants pursuant to 42 U.S.C. § 1983 alleging she was unlawfully detained by Defendants. ECF No. 1. Specifically, Plaintiff asserted that Defendants were responsible for her arrest, placement in overly tightened handcuffs, and detainment in a facility without adequate medical treatment for her high blood pressure. ECF No. 1. Plaintiff seeks monetary damages. ECF No. 1.

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B) (2006), which requires the court to dismiss civil actions filed in forma pauperis if they are frivolous or fail to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on May 1, 2015, recommending that the complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 12. Plaintiff filed objections to the Report and Recommendation on May 21, 2015. ECF No. 15. That same day, Plaintiff also filed a motion to

amend complaint. ECF No. 16.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The court specifically reviewed those conclusions of the Magistrate Judge which were mentioned in Plaintiff's objections. First, the Magistrate Judge properly analyzed Plaintiff's claims pursuant to 42 U.S.C. § 1983. Section 1983 is used to vindicate federal rights and impose civil liability on those who act under the color of the law to deprive citizens of their rights. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). In applying the section 1983 analysis, the Magistrate Judge properly found that an action pursuant to the statute could not be maintained against Brennica L. Patterson because purely private conduct is not actionable under section 1983, and Plaintiff provided no factual allegations to demonstrate that Brennica Patterson's actions could be attributed to the state. However, Plaintiff specifically objects to the Magistrate Judge's conclusion that Brennica L. Patterson was listed as a Defendant in this matter. It is important to note that Plaintiff filed a motion to amend contemporaneously with her

objections. ECF No. 16. In the motion to amend, Brennica L. Patterson is listed as a plaintiff. Based on the court's review of the initial complaint, it appears that Brennica L. Patterson is listed as a Defendant. *See* ECF No. 1 at 1. Thus, the Magistrate Judge did not err in construing the complaint as an action against Brennica L. Patterson.

Second, the Magistrate Judge also properly determined that the municipal defendants–Sumter County Administration and Darlington County Administrator–could not be held liable under section 1983 because Plaintiff's complaint contains no factual allegations to show that the actions complained of were conducted in furtherance of any policy, custom, or practice of the municipal defendants. *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (noting that liability only arises under § 1983 where the constitutionally offensive acts of city employees are taken in furtherance of some municipal policy or custom). Additionally, to the extent that Plaintiff impliedly attributed the alleged wrongful actions of the unidentified employees to the municipal defendants, the Magistrate Judge properly found that the municipal defendants could not be held liable under section 1983 simply by employing the alleged tortfeasors. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Similarly, to the extent that Plaintiff alleges the Darlington County Administrator is personally liable for her injuries, the complaint fails to specifically indicate which actions the Administrator took to deprive her of her rights. Accordingly, the Magistrate Judge properly found that the allegations in the complaint were not sufficient to state a claim against the Darlington County Administrator. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that liability can only lie where it has been affirmatively shown that the official charged under this section acted personally in the deprivation of the plaintiffs' rights).

Based upon the foregoing, the court adopts and incorporates herein by reference the Report

and Recommendation of the Magistrate Judge. Accordingly, because Plaintiff failed to state a claim upon which relief can be granted, Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to amend, ECF No. 16, is **DENIED** as moot.

**IT IS SO ORDERED.**

  /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

August 26, 2015
Columbia, South Carolina